UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN DAVID STAHLMAN,

    Plaintiff,

v.                                      Case No.:  5:23-cv-272-SPC-PRL

KATHY P. LANE and FEDERAL
BUREAU OF PRISONS,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff John David Stahlman's Complaint (Doc. 1). Stahlman is a prisoner of the Federal Bureau of Prisons (BOP), and he sues the BOP and Warden Kathy Lane because Lane excluded him from the prison's public messaging service. Stahlman wants to represent a class of prisoners in this action, but he fails to satisfy the requirements for class certification.

Federal Rule of Civil Procedure 23(a) states four prerequisites for a class action in federal court:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

> claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The Eleventh Circuit recognizes ascertainability as an implied prerequisite of Rule 23 that a class representative must prove before a court can consider the enumerated prerequisites. *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1302 (11th Cir. 2021). So Stahlman must first prove his proposed class is "adequately defined and ascertainable[.]" *Id.*

Stahlman fails to adequately define his proposed class. "A class is inadequately defined if it is defined through vague or subjective criteria." *Id.* Stahlman's complaint describes the proposed class as "others who have, likewise, been harmed my [sic] Defendants" and "numberous [sic] inmates that…have been harmed by Defendants by similar conduct[.]" (Doc. 1 at 2, 28). Stahlman's proposed class definition is too subjective and vague to allow the Court to ascertain who would belong in it. What is more, the definition relies on a comparison to the conduct that allegedly harmed Stahlman—specifically, Lane's decision to exclude Stahlman from the prison's public messaging system. That decision was based on Stahlman's disciplinary conduct and personal history. (Doc. 11-1 at 17). A class based on Defendants' treatment of Stahlman is necessarily a class of one because it hinged on facts unique to Stahlman.

Because Stahlman failed to satisfy the ascertainability requirement, the Court cannot consider the Rule 23(a) prerequisites—the Court cannot analyze an undefined class. That said, facts Stahlman alleges and the claims he asserts appear ill-suited for a class action. As noted above, the decision at the crux of this action was based on facts unique to Stahlman. In fact, Stahlman attempts to bring a class-of-one equal protection claim—that claim is logically inconsistent with a class action.

Accordingly, it is now

**ORDERED:**

Plaintiff John David Stahlman's request for class certification is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 18, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record